IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| TIMOTHY RICHARDSON, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV06-306-S-LMB |
| | ) | |
| v. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| JERRY JOHNSON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Pending before the Court in this habeas corpus case is Respondent's Motion for Summary Dismissal (Docket No. 13). The parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case (Docket No. 11). Petitioner has been provided with a copy of the Notice to Pro Se Litigants of the Summary Judgment Requirements (Docket No. 14). Petitioner has not filed a response. Because the time for filing a response has expired, the Court shall review the Motion for Summary Dismissal based on Respondent's briefing and the state court record.

**I.**

**BACKGROUND**

Petitioner was convicted of trafficking in methamphetamine, possession of a controlled substance, and exploitation of a vulnerable adult in the Fifth Judicial District

MEMORANDUM DECISION AND ORDER 1

Court for the State of Idaho. He was sentenced to six years fixed, with nineteen years indeterminate on the trafficking count; two years fixed, with two years indeterminate on the possession count; and six months on the exploitation count, all to run concurrently. Judgment was entered on January 11, 2001. *State's Exhibit A-1*, pp. 163-165.

Petitioner filed a direct appeal. His convictions and sentences were affirmed by the Idaho Court of Appeals on April 12, 2002. The Idaho Supreme Court denied his petition for review, and the remittitur was issued on July 31, 2002. *State's Exhibit's B-1* through *B-7*.

On October 18, 2002, Petitioner filed a petition for post-conviction relief. *State's Exhibit C-1* pp. 6-8. After an evidentiary hearing, the state district court denied Petitioner's petition on April 21, 2004. *Id.*, pp. 92-105. On appeal, the Idaho Court of Appeals affirmed the denial of the petition. The Idaho Supreme Court denied Petitioner's petition for review on January 23, 2006, with the remittitur issuing the same day. *State's Exhibits D-1* through *D-7*. Petitioner's Federal Petition was filed on August 3, 2006, with an Amended Petition filed on November 8, 2006 (Docket Nos. 3 & 8).

## II.

## MOTION FOR SUMMARY DISMISSAL

**A.    Standard of Law**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a).

MEMORANDUM DECISION AND ORDER 2

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In such case, the Court construes the facts in a light most favorable to the petitioner.

When a court is considering a motion to dismiss, it may take judicial notice of facts outside the pleadings.  *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1281 (9th Cir. 1986).[1]  A court may look beyond the complaint to matters of public record, and doing so does not convert a motion for summary dismissal into a motion for summary judgment.  *Id.*  Accordingly, the Court shall take judicial notice of those portions of the state court record lodged by the parties.

A federal habeas petitioner must first exhaust his state court remedies as to all of his constitutional claims before presenting them to the federal court.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court may deny the claim on its merits, but it cannot otherwise grant relief on such unexhausted claims.  28 U.S.C. § 2254(b).  The petitioner can satisfy the exhaustion requirement by showing that (1) he has "fairly presented" his federal claim to the highest state court with jurisdiction to consider it (proper exhaustion), or (2) that he did not present the claim to the highest state court,

---

[1] This case was abrogated on other grounds by *Astoria Federal Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

MEMORANDUM DECISION AND ORDER 3

but no state court remedy is available when he arrives in federal court (improper exhaustion). *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted).

To exhaust a habeas claim properly, a habeas petitioner must invoke one complete round of the state's established appellate review process, giving the state courts a full and fair opportunity to correct the alleged constitutional error at each level of appellate review. *Baldwin v. Reese*, 541 U.S. 27 (2004). The mere similarity between a state law claim and a federal claim does not constitute fair presentation of the federal claim. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). General references in state court to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).

Improperly exhausted claims are deemed "procedurally defaulted." Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has *completely failed* to raise a particular claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; or (3) when the Idaho courts have rejected a claim on an independent and adequate state procedural ground. *See Martinez v. Klauser*, 266 F.3d 1091, 1093-94 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)).

If a petitioner's claim is procedurally defaulted, the federal district court cannot hear the merits of the claim unless a petitioner meets one of two exceptions: a showing of adequate legal cause for the default and prejudice arising from the default; or a showing

MEMORANDUM DECISION AND ORDER 4

of actual innocence, which means that a miscarriage of justice will occur if the claim is not heard in federal court. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

Finally, when the federal district court performs a review of a habeas corpus petition, a petition from a state prisoner "who is proceeding pro se may be viewed more leniently for exhaustion purposes than a petition drafted by counsel." *Fields v. Waddington*, 401 F.3d 1018, 1021 (9th Cir. 2005).

**B.**     Discussion

   1.     First Claim

Petitioner's first claim is that his Fourteenth Amendment rights to due process and equal protection were violated when the trial court failed to give a jury instruction for the lesser included offense of attempted manufacturing rather than only a trafficking instruction.

Petitioner raised a voir dire issue, but not a jury instruction claim on direct appeal. *State's Exhibit B-1*. Neither did he raise a jury instruction claim in his post-conviction relief petition; rather, he raised a single issue of ineffective assistance of counsel regarding failure to call a witness who had exculpatory testimony. *State's Exhibit C-1*. It is now too late to raise this claim in state court. As a result, the Court concludes that Petitioner's first claim is procedurally defaulted.

MEMORANDUM DECISION AND ORDER 5

### 2. Second Claim

Petitioner's second claim is that his Eighth Amendment right to be free from cruel and unusual punishment was violated when the court imposed the maximum sentence of 25 years for the trafficking conviction. On direct appeal, however, Petitioner raised only a state-law abuse-of-discretion sentencing claim. He did not cite the Eighth Amendment, nor did he characterize his sentence as "cruel and unusual," but instead acknowledged that "[w]here a sentence is within statutory limits, an appellant has the burden of showing a clear abuse of discretion on the part of the court imposing the sentence." *State's Exhibit B-1*, pp. 11 & 8-16. Petitioner's post-conviction petition did not include a sentencing claim. *State's Exhibit C-1*, pp. 6-8. It is now too late to present this claim to the Idaho courts for review. As a result, the Court concludes that Petitioner's second claim is procedurally defaulted.

### 3. Third Claim

Petitioner's third claim is that his Sixth Amendment right to effective assistance of counsel at trial and on appeal were violated (he references his post-conviction petition for the facts supporting this claim). The Court will liberally construe this claim to include any ineffective assistance claim that was properly exhausted through the Idaho Supreme Court. Although Petitioner brought several ineffective assistance claims in his post-conviction relief petition before the state district court, he raised only one on appeal: trial counsel's failure to call his ex-girlfriend Linda Spencer as an exculpatory witness at trial. *State's Exhibit D-1*, pp. 6-7. The Idaho Court of Appeals addressed only that claim.

MEMORANDUM DECISION AND ORDER 6

*State's Exhibit D-3*. Petitioner filed a petition for review with the Idaho Supreme Court, which was denied. As a result, the Court concludes that this claim is properly exhausted, and Petitioner may proceed on the merits of it if he wishes to do so.

As part of the Sixth Amendment claim, Petitioner alleges that he should have had separate trials on his three charges. However, Petitioner did not raise the issue on direct appeal. *State's Exhibits A-1 & B-1*. He did not raise that claim or a claim of ineffective assistance of counsel for failing to file a motion to sever the charges in his post-conviction petition. *State's Exhibit C-1, pp. 6-8*. As a result, this portion of his claim is procedurally defaulted, along with all ineffective assistance claims other than the claim of failing to call Witness Linda Spencer at trial.

**C.      Conclusion**

All of Petitioner's claims are procedurally defaulted, with the exception of a claim that trial counsel was ineffective for failing to call Linda Spencer as an exculpatory witness at trial, which has been properly exhausted. The Court construes the Amended Petition as including this claim because Petitioner incorporated by reference the claims presented in his post-conviction case. However, because Petitioner has failed to respond to Respondent's Motion for Summary Dismissal, it is unclear whether Petitioner wishes to proceed at all.

The Court shall provide Petitioner with an opportunity to present argument and evidence in support of a cause and prejudice and/or miscarriage of justice showing for his defaulted claims, if he wishes to do so. He shall present his argument in the form of a

MEMORANDUM DECISION AND ORDER 7

"motion to proceed to the merits of the petition," and any exhibits or affidavits in support of his argument shall be presented with his motion. Thereafter, Respondent may file a response. If Petitioner wishes to proceed only on his properly-exhausted ineffective assistance of counsel claim regarding the exculpatory testimony of Witness Linda Spencer, he shall file a notice of intent to proceed on that claim. If Petitioner files such a notice, Respondent's motion for summary judgment shall be due sixty (60) days from the date of the filing of the notice of intent to proceed.

## III.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion to Dismiss (Docket No. 13) is CONDITIONALLY GRANTED as to all claims, with the exception that trial counsel was ineffective for failing to call Linda Spencer as a witness. The Court gives notice to the parties that it intends to dismiss the remainder of the claims with prejudice on the basis of the procedural default of these claims. Petitioner shall have until **March 7, 2008**, in which to file a motion to proceed to the merits of the petition to show that his claims are not procedurally defaulted, or to show cause and prejudice or a miscarriage of justice. Petitioner shall include any documentary evidence or affidavits required to support his factual allegations. Respondent may file a response, if desired.

IT IS FURTHER HEREBY ORDERED that if Petitioner wishes to proceed on the merits of his properly-exhausted claim, he shall file a notice of intent to proceed no later than **March 7, 2008.** If Petitioner files such a notice, Respondent's motion for summary

MEMORANDUM DECISION AND ORDER 8

judgment shall be due sixty (60) days from the date of the filing of Petitioner's notice.  If Petitioner fails to file anything further in this case, the Court shall consider it his consent to dismissal of his remaining ineffective assistance of counsel claim, and the Court will dismiss the entire case.



DATED:  **February 8, 2008**.

_____
Honorable Larry M. Boyle
U. S. Magistrate Judge

MEMORANDUM DECISION AND ORDER 9