IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| TIMOTHY RICHARDSON, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV06-306-S-LMB |
| | ) | |
| v. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| JERRY JOHNSON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Pending before the Court in this habeas corpus case is Respondent's Motion for Summary Judgment (Docket No. 20), filed on May 9, 2008. The parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case (Docket No. 11). Petitioner has been provided with a copy of the Notice to Pro Se Litigants of the Summary Judgment Requirements (Docket No. 21). Petitioner requested and was given an extension of time through September 26, 2008, in which to file a response (Docket Nos. 23 & 26). Petitioner did not file a response to the Motion for Summary Judgment, nor did his counsel, who entered an appearance on September 29, 2008. Because the time for filing a response has long since expired, the Court shall review the Motion for Summary Judgment based on Respondent's briefing and the state court record. Accordingly, the following Order is entered.

MEMORANDUM DECISION AND ORDER 1

# I.

## BACKGROUND

Petitioner was convicted of trafficking in methamphetamine, possession of a controlled substance, and exploitation of a vulnerable adult in the Fifth Judicial District Court for the State of Idaho. He was sentenced to six years fixed, with nineteen years indeterminate on the trafficking count; two years fixed, with two years indeterminate on the possession count; and six months on the exploitation count, all to run concurrently. Judgment was entered on January 11, 2001. *State's Exhibit A-1*, pp. 163-165.

Petitioner pursued a direct appeal and a petition for post-conviction relief was filed. Neither proceeding was successful. His federal Petition was filed on August 3, 2006, with an Amended Petition filed on November 8, 2006 (Docket Nos. 3 & 8). Earlier in this matter, summary dismissal was conditionally granted on procedural default grounds on all of Petitioner's claims, with the exception of a claim that trial counsel was ineffective for failing to call Linda Spencer as an exculpatory witness at trial. In that Order (Docket No. 15), Petitioner was advised that he could file a "motion to proceed to the merits of the petition" to present argument and evidence in support of a cause and prejudice and/or miscarriage of justice exception in order to excuse his procedural default, but he has not done so. As a result of Petitioner not submitting anything further, the conditional granting of the motion to dismiss is now a final ruling. Therefore, the only issue pending before the Court is whether Respondent is entitled to summary judgment on Petitioner's remaining ineffective assistance claim.

MEMORANDUM DECISION AND ORDER 2

## II.

## MOTION FOR SUMMARY JUDGMENT

**A.    Standard of Law**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The Federal Rules of Civil Procedure apply to habeas corpus actions except where application of the rules would be inconsistent with established habeas practice and procedure.  Rule 11, Rules Governing Section 2254 Cases.  Accordingly, summary judgment motions are appropriate in habeas corpus proceedings where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Blackledge v. Allison*, 431 U.S. 63, 80-81 (1977).

Petitioner's case was filed after April 24, 1996, making it subject to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  In order to obtain federal habeas corpus relief from a state court judgment under AEDPA, the petitioner must show that the state court's adjudication of the merits of his federal claim either:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

To prevail under § 2254(d)(1), a petitioner must show that the state court was "wrong as a matter of law," in that it "applie[d] a legal rule that contradicts our prior holdings" or that it

MEMORANDUM DECISION AND ORDER 3

"reache[d] a different result from one of our cases despite confronting indistinguishable facts." *Ramdass v. Angelone*, 530 U.S. 156, 165-66 (2000) (citing *Williams v. Taylor*, 529 U.S. 362 (2000)). Or, a petitioner can prevail by showing that the state court was "[objectively] unreasonable in applying the governing legal principle to the facts of the case," or "was unreasonable in refusing to extend the governing legal principle to a context in which the principle should have controlled." *Id.*, 530 U.S. at 166. However, a petitioner cannot prevail under the unreasonable application clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411.

Under AEDPA, "[f]actual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); 28 U.S.C. § 2254(e)(1). A state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340; 28 U.S.C. § 2254(d)(2).

A criminal defendant has a constitutional right to the assistance of counsel under the Sixth Amendment, made applicable to the states by the Fourteenth Amendment. *Gideon v. Wainwright*, 372 U.S. 335 (1963). In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established the proper test to be applied to claims alleging constitutionally inadequate representation. To succeed on such a claim, a petitioner must show that (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness and that (2) the petitioner was prejudiced thereby. *Id.* at 684. Prejudice under these circumstances means that there is a reasonable probability that, but for counsel's errors, the result of the proceeding

MEMORANDUM DECISION AND ORDER 4

would have been different. *Id.* at 684, 694. A reasonable probability is one sufficient to undermine confidence in the outcome. *Id.* at 694.

In assessing whether trial counsel's representation fell below an objective standard of competence under *Strickland*'s first prong, a reviewing court must view counsel's conduct at the time that the challenged act or omission occurred, making an effort to eliminate the distorting lens of hindsight. *Id.* at 689. The court must indulge in the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* The pertinent inquiry "is not what defense counsel could have pursued, but rather whether the choices made by defense counsel were reasonable." *Siripongs v. Calderon*, 133 F.3d 732, 736 (9th Cir. 1998).

The Ninth Circuit has provided some insight into the *Strickland* standard when evaluating an attorney's "strategy calls." These cases are instructive in the Court's assessment of whether the Idaho Supreme Court reasonably applied *Strickland*. *See Duhaime v. Ducharme*, 200 F.3d 597, 600 (9th Cir. 1999). First, the Ninth Circuit has held that tactical decisions are not ineffective assistance simply because in retrospect better tactics are known to have been available. *Bashor v. Risley*, 730 F.2d 1228, 1241 (9th Cir. 1984). Second, a mere difference of opinion as to trial tactics does not constitute denial of effective assistance. *United States v. Mayo*, 646 F.2d 369, 375 (9th Cir. 1981).

The second prong of the *Strickland* test requires that a defendant show that the attorney's deficient performance prejudiced his defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial with a reliable result. 466 U.S. at 687. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a

MEMORANDUM DECISION AND ORDER 5

criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691. The *Strickland*

Court advised:

> In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury. Some of the factual findings will have been unaffected by the errors, and factual findings that were affected will have been affected in different ways. Some errors will have had a pervasive effect on the inferences to be drawn from the evidence, altering the entire evidentiary picture, and some will have had an isolated, trivial effect. Moreover, a verdict or conclusion only weakly supported by the records is more likely to have been affected by errors than one with overwhelming record support. Taking the unaffected findings as a given, and taking due account of the effect of the errors on the remaining finds, a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors.

466 U.S. at 694.

A petitioner must establish both incompetence and prejudice to prove an ineffective

assistance of counsel case. 466 U.S. at 697. On habeas review, the court may consider either

prong of the *Strickland* test first, or it may address both prongs, even if one is deficient and will

compel denial. *Id.*

**B.    Discussion**

Petitioner's remaining claim is that his trial counsel was ineffective for failing to call his

ex-girlfriend Linda Spencer as an exculpatory witness at trial. Petitioner argues that Spencer

could have testified that she did not see him using methamphetamine while they were living

together or afterwards. He also argues that she could have testified that written notes that were

purported to be a drug ledger were actually score cards for a dice game they sometimes played.

*State's Lodging C-2*, at 125:15 to 127:12.

On appeal from the post-conviction petition, the Idaho Court of Appeals affirmed the state

district court's decision that Petitioner's counsel had not been ineffective. On post-conviction

MEMORANDUM DECISION AND ORDER 6

review, the district court held a hearing.  Former counsel testified that he had his investigator

contact Spencer and, based upon that information, concluded that Spencer's testimony would hurt

rather than help Petitioner's defense.  *State's Lodging C-2*, at 81:2-19; 93:10-12; 102:9-25.  Linda

Spencer testified at the post-conviction hearing that she could not remember the dates she lived

with Richardson because she was "in the hospital too much."  *Id.*, at 114:18 to 116:8.  She

testified that she did not observe any methamphetamine manufacturing while she lived with

Petitioner, but she moved out of the house because she did not like Petitioner being out all night,

in the garage all night, and having methamphetamine in the house.  *Id.*, at 118:3-6; 138:14 to

139:5.  Spencer testified that she very seldom went to the garage.  *Id.*, at 118:13-23.  She testified

that she saw methamphetamine in the house once after she moved out.  *Id.*, at 140:7-25.  She also

testified that she and Petitioner often played "Dice," which included the use of scorecards that

appeared to be similar to what prosecutors alleged were drug transaction logs.  *Id.*, at 125:15 to

127:12.

Spencer also testified that she had just had surgery, her heath was not good, medication

affected her memory, and she was unable to recall conversations, but would have testified at trial

had she been called.  *Id.*, at 131:7 to 132:25; 134:1-8; 129:3-13.

On this record, the state district court concluded that Petitioner's counsel had properly

prepared his case and investigated the possibility of calling Spencer, but had deliberately chosen

not to call her as a witness.  *State's Exhibit C-1*, pp. 100-101.  As such, counsel's decision was

strategic, as he had determined that her testimony would do more harm than good.  *Id.*

After the Court of Appeals reviewed the state district court's decision and the evidence

presented at the evidentiary hearing, it affirmed the decision stating the following:

MEMORANDUM DECISION AND ORDER 7

> We conclude that there was sufficient evidence for the district court to find that trial counsel engaged in adequate trial preparation. Because we uphold the district court's determination that trial counsel did not perform deficiently, we need not address Richardson's prejudice argument.

*State's Lodging D-3*, p. 6. After a careful review of the record, this Court agrees with the conclusion of the Idaho Court of Appeals that Petitioner's trial counsel did not perform deficiently under the first prong of *Strickland*.

Had the Court of Appeals reached the second prong, i.e., prejudice, this Court would have determined that the testimony of Linda Spencer would not have significantly affected the outcome of the trial, given that on direct appeal, the Court of Appeals had already concluded that there was "overwhelming evidence of Richardson's guilt presented at trial." *State's Lodging B-3*, p. 4. That evidence included testimony from Petitioner's brother, Dale. Not only did Dale testify that he saw Petitioner and two other men smoking methamphetamine in his mother's basement, he also testified that Petitioner verbally admitted that he had manufactured the methamphetamine and explained how it was made. *See State's Lodging A-2*, at 113:10 to 121:8. There was further evidence that Dale saw, and police officers found, the materials and chemicals necessary to making the drug in the home where Petitioner lived. *Id.*, at 116:1-4; 205:5 to 208:25.

Based on all of the foregoing, Petitioner has not shown or established that the decision of the Idaho Court of Appeals either (1) resulted in a decision that involved an unreasonable application of the *Strickland v. Washington* standard, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d). The evidence in the record establishes that counsel conducted a reasonable investigation, knew of the substance of the testimony Linda Spencer would have given, assessed the testimony, and decided that it would be more harmful than helpful; as such, counsel's fully

MEMORANDUM DECISION AND ORDER 8

informed tactical decision is "virtually unchallengeable." *Strickland*, 466 U.S. at 689-91. The pertinent inquiry "is not what defense counsel could have pursued, but rather whether the choices made by defense counsel were reasonable." *Siripongs*, 133 F.3d at 736. The Court agrees that the evidence shows that counsel made a strategy decision, that counsel's determination that Linda Spencer's testimony would have harmed Petitioner's case was reasonable, and that the other evidence of Petitioner's guilt presented at trial was overwhelming. Accordingly, Petitioner is not entitled to relief under § 2254(d), and Petitioner's Petition is dismissed with prejudice.

## III.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion for Summary Judgment (Docket No. 20) is GRANTED. The Petition for Writ of Habeas Corpus is DISMISSED with prejudice.

IT IS FURTHER HEREBY ORDERED that the Clerk of Court shall send a copy of this Order to all counsel and a copy to Petitioner, Inmate No. 33765, at the Twin Fall Community Work Center, 616 Washington Street South, Twin Falls, Idaho 83301.

DATED: **February 25, 2009**.

Honorable Larry M. Boyle
United States Magistrate Judge

MEMORANDUM DECISION AND ORDER 9